**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1834-15T4

DENISE V. THOMAS,

    Plaintiff-Respondent,

v.

MARIA BOBADILLA[1],

    Defendant,

and

ALLSTATE INSURANCE COMPANY,

    Defendant-Appellant.

_____

Argued March 21, 2017 — Decided August 9, 2017

Before Judges Koblitz, Rothstadt and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1864-14.

Kenneth N. Lipstein argued the cause for appellant.

S. Robert Princiotto argued the cause for respondent (Marcus & Levy, attorneys; Mr. Princiotto, on the brief).

PER CURIAM

_____

[1] We have revised the caption to reflect defendant's name as spelled in the police report and other documents.

In this automobile negligence action, plaintiff Denise V. Thomas claimed she was injured in an accident as a result of defendant Maria Bobadilla's negligence. Thomas was insured by defendant All-State Insurance Company (All-State), through a policy she purchased in Florida. The trial court denied All-State's motion for summary judgment to dismiss Thomas' claim because it determined that All-State was obligated to provide her with uninsured motorist benefits under the Deemer Statute, N.J.S.A. 17:28-1.4, as Bobadilla was covered by a basic insurance policy without bodily insurance protection. For the reasons that follow, we reverse.

In December 2011, Thomas separated from her husband and left Florida to relocate to New Jersey, where she has since remained. Seven months later, on July 7, 2012, Thomas was driving her automobile in New Jersey when she was involved in an auto accident with Bobadilla. Although her automobile had been with her since her arrival to our state, at the time of the accident it was still registered in Florida under her name and insured by All-State under a Florida policy in which she declined uninsured motorist coverage. At the time of the accident, Bobadilla had a basic insurance policy without bodily insurance coverage.

A-1834-15T4

All-State moved for summary judgment contending that since Bobadilla, the tortfeasor, was insured without bodily injury coverage, Thomas could not seek recovery for bodily injury through her Florida All-State policy that did not have uninsured or underinsured protection. All-State argued the Deemer Statute did not afford uninsured or underinsured coverage to Thomas' out-of-state All-State policy because her automobile was principally garaged in New Jersey for seven months prior to the accident and she should have obtained coverage under a New Jersey automobile insurance policy.

The trial court denied the motion with written findings of facts and conclusions of law. The court found that when the accident occurred Thomas was not a New Jersey resident and did not have to acquire New Jersey insurance coverage. The court reasoned "while there may be indicators that Thomas did in fact relocate back to New Jersey, seven months is not a sufficient amount of time to declare her an official New Jersey resident at the time of the accident." Further, the court determined that Bobadilla was an uninsured motorist under the Deemer Statute. Thus, the court reasoned that the Deemer Statute converted Thomas' Florida All-State policy to a New Jersey policy with the lawsuit limitation option. N.J.S.A. 17:28-1.45; N.J.S.A. 39:6A-8(a).

Several months later, the court entered a consent judgement in favor of Thomas against All-State in the amount of $15,000, with All-State reserving the right to appeal the court's denial of its summary judgment motion.

On appeal, All-State reiterates its argument that Thomas is not entitled to seek recovery for bodily injury because Bobadilla's insurance coverage did not have bodily injury coverage and the Florida All-State policy that covered Thomas' automobile did not provide uninsured or underinsured benefits. All-State contends that the Deemer Statute does not apply to afford Thomas the lawsuit limitation option to seek recovery for bodily injury because as a New Jersey resident with an automobile principally garaged in New Jersey, she should have had a New Jersey policy. All-State further argues that since Thomas did not have a New Jersey policy with personal injury protection benefits, N.J.S.A. 39:6A-4.5(a) precludes her from seeking recovery for bodily injury.

We review a motion seeking summary judgment using the same standard used by the trial court. Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). We must determine, based on the competent evidential materials submitted by the parties, whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c).

Here, based upon our review of the record, there were no material issues of fact in dispute, therefore All-State's motion for summary judgment should have been granted.

The Deemer Statute requires an out-of-state insurer authorized to transact business in New Jersey to include standard personal injury protection (PIP) coverage pursuant to N.J.S.A. 39:6A-4 "for any New Jersey resident who is not required to maintain [PIP] coverage pursuant to [N.J.S.A. 39:6A-4 or N.J.S.A. 39:6A-3.1] and who is not otherwise eligible for such benefits, whenever the automobile . . . insured under the policy is used or operated in this State." N.J.S.A. 17:28-1.4 (emphasis added). The question in this case is whether the Deemer Statute is inapplicable because Thomas was required to maintain PIP coverage pursuant to N.J.S.A. 39:6A-4.

Every owner of an automobile registered or principally garaged in New Jersey is required to maintain minimum amounts of standard, basic, or special liability insurance coverage for bodily injury, death, and property damage caused by their automobiles. `N.J.S.A. 39:6A-4.5(a). In addition, every insurance policy must provide a package of PIP benefits. Ibid. A person who fails to maintain such coverage "shall have no cause of action for recovery of economic or noneconomic loss sustained as a result

of an accident while operating an uninsured automobile." N.J.S.A. 39:6A-4.5(a).

The term "principally garaged" as used in N.J.S.A. 39:6B-1 is not defined in the statute and, thus, must be given its generally accepted meaning. N.J.S.A. 1:1-1. As we determined in Chalef v. Ryerson, 277 N.J. Super. 22, 27 (App. Div. 1994), the term "principally garaged" means "the physical location where an automobile is primarily or chiefly kept or where it is kept most of the time." In Chalef, the plaintiff had been living and working in New Jersey for four consecutive months before the accident. We deemed that span of time sufficient to find that the plaintiff's automobile was being principally garaged in New Jersey. Id. at 28.

Here, Thomas was living in New Jersey and driving her Florida registered and insured automobile in New Jersey for seven consecutive months prior to the accident. Based upon the four-month time period we concluded was sufficient in Chalef, we disagree with the trial court that Thomas did not have a sufficient time to register and insure her automobile in New Jersey. Consequently, the Deemer Statute does not apply to the present circumstances, and Thomas' failure to insure her automobile under a New Jersey policy precludes her from seeking recovery for her bodily injury under N.J.S.A. 39:6A-4.5(a).

Lastly, Thomas' contention that not applying the Deemer Statute violates her constitutional equal protection rights is without sufficient legal basis to merit discussion in this opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for the entry of an order granting defendant summary judgment.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION